Brown v. Cook.

---

JAMES A. BROWN and another *v.* WILLIAM COOK.

The holder of a mortgage upon personal property, payable on demand, may maintain an action against a person wrongfully taking the property and disposing thereof, without proving a demand of the debt due on the mortgage.

Although the interest of the mortgagor may be subject to a levy and sale, yet an officer who sells the property absolutely, will be liable as a wrongdoer. (a)

---

(a) This proposition was overruled by the Court of Appeals, December term, 1854, in *Hull* v. *Carnley*, 1 Kernan, 501. In that case, however, the articles levied upon were ponderous, consisting of lithographic presses and stones, and were all sold to a single purchaser. Here the property taken was a stock of goods, which were distributed, at the execution sale, among numerous individuals. It is obvious, that while in one case the mortgagee could follow the property and protect

THIS was an appeal by the defendant from a judgment rendered in the plaintiffs' favor upon the verdict of a jury. The action was in the nature of trespass, against an officer, for levying upon and selling certain goods and materials, manufactured and unmanufactured, constituting the stock in trade of one Campbell, and which the latter had mortgaged to the plaintiffs as security for a debt. The sale was effected to numerous purchasers, who severally, under the direction of the officer, took the articles into their possession.

The mortgage was payable on demand, and contained a provision allowing continued possession of the property in the mortgagor, until default in payment of the debt. The mortgagor was proceeding with his business as accustomed, when the goods and materials in question were seized and sold by the defendant, by virtue of an execution issued upon a judgment held by one Mertin against the mortgagor.

There was no evidence of any demand by the mortgagees upon the mortgagor, before suit was brought.

*Francis Sayre*, for the defendant, made and argued the following points:

First. Brower and Crane never had any actual or constructive possession of the goods sufficient to authorize them to maintain an action of trespass. They only held a mortgage, which on the happening of a certain event—to wit, the default of Campbell or his representatives in payment on demand of $250—might give them the right to the possession of the property; and that event had not happened at the time of the commencement of the suit in the court below.

It is a well settled principle, that to maintain an action of

_____

his interest, in the other it might prove impracticable to trace the goods, and his security would be imperilled by permitting the sheriff to sell generally, and deliver possession to purchasers, without announcing or recognizing the lien of the mortgage. It may admit of a question, whether a case like the present might not be distinguished, in the court of last resort, from *Hull* v. *Carnley;* but this would seem extremely doubtful, in view of the comprehensive language in which that decision was rendered.—REP.

Brown _v._ Cook.

trespass the plaintiff must show himself to be either actually or constructively in possession of the property at the time of the commission of the trespass. (1 Chitty's Pleadings, 168, and cases there cited.)

Second. The mortgage relied on by the plaintiffs was fraudulent. It was not accompanied by a change of possession of the property, and it was upon a changeable stock of goods ; and the mortgagees permitted the mortgagor to sell the goods and to work up the stock in the same manner as he had previously done. This raises a legal presumption of fraud as against creditors, which was not rebutted by any evidence given by the plaintiffs in the court below. (_McLachlan_ v. _Wright_, 3 Wend. 348.)

Third. Supposing the mortgage to have been valid as against creditors, still Campbell had an interest in the property which could be levied upon and sold on an execution against him. He had a right of redemption, coupled with a present right of possession. The creditor, officer, or purchaser had a right to tender to the mortgagees the amount due them, or to hold themselves in readiness to pay it on demand, and all their claim to the property would then be extinguished, and the purchaser at the sale on the execution would acquire an absolute title. (_Matteson_ v. _Bancus_, 1 Comstock, 295, and cases there cited.)

I. The mortgagees' right to the possession is sufficient against all strangers, who are trespassers, and was sufficient as against the appellant in this action. (7 Con. 329 ; 11 Wend. 54.) The plaintiff on the trial did show himself constructively in possession of the property at the time of the commencement of the action as against the defendants. " General property in chattels creates a constructive possession."—(7 Cow. 329 ; 11 Wend. 54 ; 2 Saunders, 47 ; 1 Bac. Ab. Tro. C. ; 1 B. & P. 47 ; 7 T. R. 12.)

II. The plaintiff proved to the court and jury that at the time of the execution and delivery of the mortgage there was an actual _bonâ fide_ indebtedness from Campbell to them, to secure which the mortgage was given ; and the jury to whom the question of fraud was distinctly presented, have passed

upon it and found for the plaintiffs. (7 Wend. 436; 8 Cow. 448, 454; 4 Wend. 313; 8 ib. 373.) The mortgagees might permit the mortgagor to keep possession of and sell the goods mortgaged if they chose to do so. (3 Taunt. 260; 4 Cow. 450.)

III. The appellant had notice of the mortgage at the time of the sale, but disregarded the respondent's rights under it, and treated it as fraudulent and void. He did not levy on and sell Campbell's right of redemption, as he might have done (1 Comstock, 295); but disregarding the respondent's claim, he sold the whole property. In this respect he made himself liable to the plaintiffs in the court below, for the amount of their claims.

By the Court. Ingraham, First J.—This court has repeatedly held that a mortgagee who holds a mortgage on personal property, payable on demand, may maintain an action for the recovery of the property from any one unlawfully taking away the property without proof of demand of the money due on the mortgage. As between the mortgagor and the mortgagee a demand may be necessary, but as between the mortgagee and a wrong-doer, such proof may be dispensed with. (See *Cassedy* v. *Hunt*, N. Y. C. P. decided June 8, 1844; *Delano* v. *Thurnell*, ib. decided February, 1842; 1 Comst. 496; 8 Pick. 333; 3 Sand. S. C. R. 607.

Whether or not the mortgage was fraudulent, was a question of fact for the jury. With their finding we cannot interfere.

If the mortgagor had an interest which might have been levied or held under a judgment against him, still that did not authorize an absolute sale of the property. This has been repeatedly held by the Supreme Court and by this court. (*a*)

Daly, J., concurred.

Woodruff, J.—Whatever views I might entertain of the necessity of a demand of the debt before the plaintiff could

---

(*a*) Overruled by the Court of Appeals. See note *a*, *ante*, p. 123.

claim possession, I am concluded by the decisions above referred to.

Judgment affirmed.